UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-21875-CIV-MARTINEZ

JOSE MANUEL
DE ARMAS-BALAGUER,

      Petitioner,

v.

IMMIGRATION COURT, *et al.*,

      Respondents.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Petitioner Jose Manuel De Armas-Balaguer's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [ECF No. 1]. Petitioner challenges his detention by U.S. Immigration and Customs Enforcement ("ICE") at Krome North Service Processing Center in Miami. (Pet. 1). He explains that he is being held based on a revoked "order of supervision" and that he is challenging an "order of removal." (Pet. 1–2). Beyond those details, however, the Petition is silent. Indeed, Petitioner provides no information or argument about why he believes his detention is unlawful and includes no request for relief. (*See generally* Pet.).

Under the Rules Governing Section 2254 Cases in the United States District Courts, which also apply to § 2241 petitions, *see* 28 U.S.C. § 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."), Petitioner must "specify all the grounds for relief available" to him, "state the facts supporting each ground," and "state the relief requested," *see* 28 U.S.C. § 2254 Rule 2(c)(1)–(3). Because "heightened pleading requirements" apply to habeas corpus petitions, *McFarland v. Scott*, 512 U.S. 849, 856 (1994),

"generalized allegations are insufficient in habeas cases," *Hittson v. GDCP Warden*, 759 F.3d 1210, 1265 (11th Cir. 2014). Further, it is Petitioner's "burden to establish his right to habeas relief." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008).

By leaving blank the portions of the court-approved § 2241 petition form that ask him to describe the grounds for his challenge and his requested relief, Petitioner has wholly failed to satisfy these standards. When "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4; *see also McFarland*, 512 U.S. at 856 ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) ("If a petition does not set forth a sufficient factual basis for habeas relief, the petition is legally insufficient on its face, and the district court must dismiss it." (quotation marks omitted)). "[S]uch a summary dismissal by a federal court constitutes a ruling on the merits of a petitioner's . . . claims." *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011).

Even construing the Petition liberally, as the Court must because Petitioner is *pro se, see Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) ("[A] habeas petition filed by a pro se litigant more liberally than one filed by an attorney."), there is nothing within it for the Court to analyze, let alone on which it could grant relief. While the Court might typically be inclined to order Petitioner to remedy this potentially "curable defect," *cf. Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (holding that second habeas motion, which remedied earlier defect "without delay," should have been "construed liberally as an amendment to" movant's "initial" habeas filing), there is a reason amendment is not appropriate here—Petitioner has already filed a more robust petition in this District.

Four days before he filed the Petition, Petitioner filed a similarly blank § 2241 petition form that was assigned to a different judge in this District. *See De Armas-Balaguer v. Krome North Service Processing Center*, No. 26-cv-21733, Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [ECF No. 1] filed March 16, 2026 (S.D. Fla. 2026). In that case, the court ordered Petitioner to "file an amended petition" that complies with Rule 2(c) "by sufficiently stating (in a legible manner) the facts that support the grounds for relief available to him." *Id.*, Order on § 2241 Petition [ECF No. 3] 3. Petitioner did as he was ordered. *Id.*, Amended Petition [ECF No. 5] filed March 23, 2026.

Section 2241 petitions are not subject to the "gatekeeping requirement" that strips the Court of jurisdiction over unauthorized second or successive habeas corpus petitions.[1] *See Antonelli*, 542 F.3d at 1350. Even so, it would strain limited judicial resources and risk inconsistent judgments were the Court to allow Petitioner to amend the Petition in this case when he has already done exactly that under a different case number in this District. Although the court has not yet evaluated Petitioner's Amended Petition in case number 26-cv-21733 to determine whether it adequately states a claim, Petitioner's habeas proceedings are further along in that earlier-filed case. For that reason, the Court will dismiss this Petition with prejudice. *See McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025) (recognizing the court's power to dismiss a habeas petition, "with or without prejudice," under its inherent authority).

Accordingly, both because the nearly bare Petition fails on the merits, *see* 28 U.S.C. § 2254 Rule 4; *McFarland*, 512 U.S. at 856; *Paez*, 947 F.3d at 653; *Borden*, 646 F.3d at 810, and because

---

[1] Section 2241 *claims*, on the other hand, "are subject to threshold dismissal" under 28 U.S.C. § 2244(a). *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). Under that statute, the Court is not "required to entertain" a § 2241 petition "if it appears" a federal court has already decided the claims within it "on a prior application for a writ of habeas corpus." *See* 28 U.S.C. § 2244(a).

CASE NO. 26-21875-CIV-MARTINEZ

Petitioner has filed a more robust Amended Petition that is currently pending in this District under a different case number, *see McNair*, 143 F.4th at 1306; *Antonelli*, 542 F.3d at 1352; 28 U.S.C. § 2244(a), it is **ORDERED** and **ADJUDGED** that the Petition is **DENIED WITH PREJUDICE**.

**DONE AND ORDERED** in Miami, Florida, this 25 day of March 2026.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:    all counsel of record
       Movant, *pro se*

4